

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00856-CR

Robert Lee **CRIDER**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B1873
Honorable Rex Emerson, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
     Rebeca C. Martinez, Justice
     Luz Elena D. Chapa, Justice

Delivered and Filed: September 4, 2019

AFFIRMED

Appellant Robert Lee Crider ("Crider") appeals his conviction for felony driving while intoxicated (enhanced). In a single issue on appeal, Crider argues the trial court erred in denying his motion to suppress evidence. Because we conclude the trial court did not err in denying Crider's motion to suppress, we affirm the judgment.

## Background

On October 3, 2017, a 911 caller reported a green Dodge pickup truck driving erratically, changing speeds, struggling to maintain one lane, and narrowly avoiding mailboxes along Harper

Road in Kerrville. The caller followed the pickup truck to Wal-Mart, where he observed it pull into a handicap parking space.

Kerrville Police Officer Kienan Goodnight was dispatched to the Wal-Mart parking lot, where he made contact with Crider—the driver of the pickup truck. Officer Goodnight observed that Crider smelled strongly of alcohol, had glassy and bloodshot eyes, exhibited slow and slurred speech, and was unsteady on his feet. Crider told Officer Goodnight he was unable to perform field sobriety tests due to burns he had recently sustained to his hands and torso. Officer Goodnight conducted a horizontal gaze nystagmus (HGN) test on Crider and detected six out of six possible indicators of intoxication. Based on the results of the HGN test, Officer Goodnight placed Crider under arrest for driving while intoxicated and prepared an affidavit for a search warrant to obtain a sample of Crider's blood. The trial court issued a search warrant authorizing the taking of a blood sample. Subsequent testing of the sample revealed Crider's blood alcohol concentration was .19.

Crider was indicted for felony driving while intoxicated, enhanced by multiple prior convictions. Crider filed a motion to suppress evidence obtained from the blood draw, which the trial court denied without making express findings of fact. A jury found Crider guilty of the charged offense, and the trial court sentenced Crider to seventy years' confinement. Crider appeals the trial court's denial of the motion to suppress evidence.

### Standard of Review

We review the trial court's ruling on a motion to suppress using a bifurcated standard of review, giving almost total deference to the trial court's findings of historical fact and reviewing de novo the trial court's application of the law. *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016). When the trial court does not make express findings of fact, as here, we review the evidence in the light most favorable to the trial court's ruling and assume the trial court made

implicit findings supported by the record. *Id.* We will uphold the trial court's ruling if it is supported by the record and correct on any applicable theory of law. *Id.*

## Discussion

In a single issue, Crider argues the trial court erred in denying his motion to suppress evidence because, while the State obtained a valid search warrant to draw a blood sample, the State did not obtain a warrant specifically authorizing testing and analysis of the blood sample. Relying on the court of criminal appeals' recent decision in *State v. Martinez*, 570 S.W.3d 278 (Tex. Crim. App. 2019), Crider argues the testing and analysis of blood evidence is a separate and discrete Fourth Amendment search requiring specific authorization in a warrant. Crider does not challenge the existence of probable cause to support the blood draw warrant.

In *Martinez*, the trial court granted a motion to suppress evidence obtained pursuant to the State's warrantless seizure and testing of vials of the appellant's blood that had been drawn at a hospital for medical purposes. *Id.* at 281. Affirming the trial court's decision, the court of criminal appeals held there is an expectation of privacy in blood drawn for medical purposes. *Id.* at 291. "[This] expectation is not as great as an individual has in the sanctity of his own body against the initial draw of blood. . . . But it is greater than an individual has in the results of tests that have already been performed on the blood." *Id.* Therefore, the court concluded the State's testing of the previously drawn blood was itself a Fourth Amendment search and seizure that was improper absent a warrant or an exception to the warrant requirement. *Id.* at 292.

Here, in contrast, police obtained Crider's blood sample pursuant to a valid search warrant. Although the warrant does not expressly authorize testing and analysis of the blood sample, *Martinez* does not require that it do so. Rather, *Martinez* merely holds that an individual has an expectation of privacy not only in the blood in his body, but also in blood previously drawn for purposes other than police testing. *See id.* at 291. Crider does not identify, and we are not aware

of, any authority requiring that a search warrant authorizing the drawing of a blood sample must also expressly authorize testing and analysis of the blood sample.

Although *Martinez* characterizes blood collection and blood testing as separate "intrusions" or "searches," each implicating Fourth Amendment protections, we do not believe the *Martinez* court intended to require specific authorization for testing where probable cause supports a warrant for blood collection. *See id.* at 290. Indeed, as the court observed, "'[c]ommon sense dictates'" that blood drawn for a specific purpose will be analyzed for that purpose and no other. *See id.* at 287 (quoting *State v. Comeaux*, 818 S.W.2d 46, 52 (Tex. Crim. App. 1991)). In this case, Officer Goodnight's affidavit for a search warrant expressly requests a blood sample "constitut[ing] evidence that the offense [driving while intoxicated] was committed and that [Crider] committed the offense[.]" Just as a person who has given a blood sample for private testing reasonably can assume that sample will not be turned over to the State for another purpose, we reasonably can assume that where the police seek and obtain a blood draw warrant in search of evidence of intoxication, the blood drawn pursuant to that warrant will be tested and analyzed for that purpose.

Absent any authority requiring specific authorization for testing and analysis of blood drawn pursuant to a valid search warrant, we conclude the trial court did not err in denying Crider's motion to suppress. Crider's sole issue on appeal is overruled.

### Conclusion

Having overruled Crider's sole issue on appeal, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH